Citation Nr: 1508831 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 07-23 163 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota


THE ISSUES

1. Entitlement to service connection for acute myelogenous leukemia (AML), claimed as due to herbicide exposure.
 
2. Entitlement to service connection for pericarditis, to include as secondary to AML.
 
3. Entitlement to service connection for gastroesophageal reflux disease (GERD), to include as secondary to AML.
 
4. Entitlement to service connection for arthritis [also claimed as rheumatism], to include as secondary to AML.


REPRESENTATION

Appellant represented by: Daniel G. Krasnegor, Attorney at Law


ATTORNEY FOR THE BOARD

E.I. Velez, Counsel


INTRODUCTION

The Veteran served on active duty in the United States Army from December 1967 to September 1969. 

This matter is before the Board of Veterans' Appeals (the Board) on appeal of October 2006 and October 2007 rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Paul, Minnesota.

AML claim

The RO previously denied the Veteran's service-connection claim for AML in October 1998, August 2001, March 2005, and August 2005 rating decisions. Although the Veteran disagreed with the RO's August 2005 decision and was furnished with a statement of the case (SOC) addressing this issue in August 2006, he did not perfect an appeal by filing a timely VA Form 9. The Board notes in passing that the Veteran did in fact file a VA Form 9 in July 2007 that, in part, referenced the August 2006 SOC; however, such was filed well after the time period for an appeal had lapsed and did not perfect an appeal of the August 2005 rating decision.

The Veteran subsequently filed a request to reopen his previously-denied AML claim in February 2007. The RO denied this request in the above-referenced October 2007 rating decision. The Veteran disagreed and perfected a timely appeal as to that issue.

In November 2009, the Board solicited an expert medical opinion from a physician with the Veterans Health Administration (VHA) concerning whether the Veteran's AML is related to his military service, to include his presumed exposure to Agent Orange. In January 2010, the Board received the requested VHA opinion, which has been provided to the Veteran.

In a May 2010 decision, the Board reopened and denied the Veteran's service-connection claim for AML. The Board also denied the Veteran's secondary service-connection claims for pericarditis, GERD, and arthritis/rheumatism. The Veteran subsequently appealed the Board's May 2010 decision to the United States Court of Appeals for Veterans Claims (Court). A Joint Motion for Remand (JMR) was filed, which the Court granted in December 2010. In essence, the JMR indicated that a remand was required so that the Veteran could be afforded an opportunity to have a hearing before a member of the Board. See the November 2010 JMR, page 2. 

The Board notes that in the November 2010 JMR, the parties only sought vacatur and remand of the Board's May 2010 decision to deny the Veteran's AML claim, and his claims for pericarditis, GERD and arthritis. The JMR did not indicate any dissatisfaction on the part of either party as to the Board's May 2010 decision to reopen the Veteran's AML claim. As such, for the sake of economy, the Board incorporates the reasons and bases of its prior decision to reopen the Veteran's AML claim herein. 

Pericarditis, GERD, and arthritis/rheumatism claims

In October 2006, the RO denied the Veteran's service-connection claims for pericarditis, GERD, and arthritis/rheumatism. The Veteran disagreed with the RO's decisions and perfected an appeal as to each of these issues with a July 2007 VA Form 9.

On the VA Form 9, which perfected the Veteran's appeal of his service-connection claims for pericarditis, GERD and arthritis, he requested to appear and testify at a personal hearing before the Board in Washington, DC. Significantly however, the Board did not schedule the Veteran for this hearing prior to denying his service-connection claims in May 2010. 

As noted above, the parties specifically referenced the Veteran's July 2007 unanswered hearing request in the November 2010 JMR. Indeed, the parties moved that the Court remand the Veteran's case for the sole purpose of affording the Veteran an opportunity to have this hearing before the Board. See the November 2010 JMR, page 2. After successfully persuading the Court to grant this Joint Motion, the Veteran's attorney promptly withdrew the Veteran's hearing request in a March 9, 2011 brief. There is nothing following this request to suggest that Veteran or his attorney has requested that the hearing be rescheduled. The Veteran's July 2007 hearing request, therefore, is deemed withdrawn. See 38 C.F.R. §§ 20.702(d); 20.704(d) (2014).

Within the same March 2011 letter which withdrew the claim for a requested hearing, the Veteran's attorney submitted additional evidence and argument in support of the Veteran's claim. Based on this additional argument and evidence, the Board remanded the Veteran's claims in April 2011 for additional evidentiary development and readjudication. 

In January 2012, the Board denied the Veteran's claim of entitlement to service connection for AML. In a subsequent April 2012 decision, the Board denied the Veteran's secondary service-connection claims.

The Veteran appealed the January and April 2012 decisions to the Court. In an October 2012 JMR, the Board's denial of entitlement to service connection for AML was vacated and remanded. The JMR noted that the Board had not met its legal obligation to ensure that the RO complied with the directives issued in the April 2011 Board remand. The Court has stated that compliance by the Board or the RO is neither optional nor discretionary. Where the remand orders of the Board or the Court are not complied with, the Board errs as a matter of law when it fails to ensure compliance. Stegall v. West, 11 Vet. App. 268 (1998). 

The JMR found that the Board's directive to the RO to contact the Veteran's "service organization and request any information it might have indicating how much exposure time" the Veteran had with Agent Orange and at what concentration levels was not completed. The JMR noted that the RO instead issued a September 2011 Formal Finding of Unavailability of records documenting exposure levels of herbicides in Vietnam, and stated that "service personnel in Vietnam were not monitored for exposure to levels to herbicides (Agent Orange) especially if their primary duties did not involve frequent personal contact with the agents." The RO noted the Veteran serviced as a postal clerk with the MACV. In an October 2011 letter to the Veteran's representative, the RO noted that the U.S. Army, and all other branches of service, do not have records regarding individual amounts of exposure to herbicides in Vietnam. The JMR found that the RO's determination was not in substantial compliance with the directive because it did not include contacting a service organization/service department or other entity for more information. The JMR additionally vacated and remanded the secondary service connection claims as they are intertwined with the claim of entitlement to service connection with AML.

In July 2013, the Board remanded the claims for compliance with the JMR directives. 

The Board has reviewed the Veteran's electronic files contained in the Veterans Benefit Management System and Virtual VA, and has considered the records contained therein. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

After a careful review of the record, the Board finds that, unfortunately, the claims must be remanded once again for further development.

The Board remanded the Veteran's service-connection claims in July 2013. The Board instructed the RO to contact the Veteran's service organization/department or other appropriate resource and request any information it might have indicating how much exposure the Veteran had to Agent Orange and at what concentration levels. If the information was not available, the RO was to issue a formal finding of unavailability and incorporate it in the record. 

The record shows that the RO made requests to the Defense Personnel Records Information Retrieval System (DPRIS) in August 2013 for the Veteran's exposure time and concentration levels to Agent Orange during his service. Follow-up requests were made in November and December 2013. Upon receiving no answer, the RO followed up directly with DPRIS via email of January 2014 requesting that an answer be provided even if it was a negative answer. Subsequently, a response was received stating that the request "is not within the scope of the JSRRC's assigned responsibilities. The JSRRC does not determine the exposure time or the concentration level to Agent Orange or tactical herbicides. Therefore, we are unable to provide information to assist your request."

The Board finds that there has not been substantial compliance with the Board's July 2013 remand. In this regard, the Board notes that the RO was requested to contact the Veteran's service department or other appropriate resource. The RO did not contact the Veteran's service department. Rather, they only received a reply from the JSRRC stating that the requested information is not within the scope of their assigned responsibilities. It is clear from the JSRRC's response that they cannot be considered an "appropriate resource" for the requested information. Therefore, the Board cannot find that there has been substantial compliance with the July 2013 remand, and the claims must be remanded once more. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

Accordingly, the case is REMANDED for the following action:

1. The RO should contact the Veteran's service organization/department or other appropriate resource and request information it might have indicating: 

(a) how much exposure time the Veteran had with Agent Orange, and 
(b) at what concentration levels. 
If this information cannot be obtained, the service organization/department should fully explain why such information is not obtainable.

If such information is not available, the RO should issue a new formal finding of unavailability and incorporate that finding in the Veteran's claims folder. Copies of all responses from the service organization/department, as well as a copy of any formal finding of unavailability should be provided to the Veteran's representative.
 
2. After undertaking any other development it deems necessary, the RO should review all the evidence of record and readjudicate the Veteran's service-connection claims (including secondary claims). If the claims are denied, in whole or in part, the RO should provide the Veteran and his attorney with a supplemental statement of the case (SSOC) and allow an appropriate period of time for response. Thereafter, the claims folder should be returned to the Board for further appellate review, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 

action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).